UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                        Plaintiff,

-against-

ORCHARD HOSPITALITY GROUP LLC
d/b/a SMASHED EAST VILLAGE and
88 THIRD REALTY LLC,

                        Defendants
------------------------------------------------------------x

Caso No. 1:25-cv-5954

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Orchard Street Hospitality Group LLC d/b/a Smashed East Village and 88 Third Realty LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit challenges the defendants' failure to comply with federal, state, and city disability access laws. Plaintiff seeks declaratory and injunctive relief, monetary damages, and an award of attorneys' fees and costs based on the defendants' violations of Title III of the Americans with Disabilities Act, the New York State Executive Law, the New York Civil Rights Law, and the Administrative Code of the City of New York. Defendants own, lease, operate, or control a place of public accommodation that fails to meet the accessibility requirements imposed by these statutes. Defendants are also vicariously liable for the conduct of their employees and agents.

2.      Rather than follow the law, defendants made a business decision to ignore their legal obligations and operate an establishment that excludes people with disabilities. Their decision reflects a belief that accessibility laws do not apply to them and that disabled patrons are not worth accommodating. Plaintiff brings this action to enforce the law and ensure

1

that defendants make their establishment accessible so he can enjoy equal access to the same goods and services offered to everyone else.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 42 United States Code Section 12188 and 28 United States Code Sections 1331 and 1343 because this case arises under federal law, specifically the Americans with Disabilities Act. The Court also has supplemental jurisdiction over the related state and city law claims pursuant to 28 United States Code Section 1367.

4. Venue is proper in this district under 28 United States Code Section 1391 because the events giving rise to these claims occurred within this district, and the property at issue is located here.

**PARTIES**

5. At all relevant times, plaintiff has resided in New York County, State of New York.

6. Plaintiff uses a wheelchair due to a spinal cord injury caused by a gunshot wound he sustained at age thirteen. As a result, he has significant limitations in mobility and range of motion.

7. The defendants, at all times relevant to this action, owned, operated, or leased the commercial property located at or near 94 Third Avenue, New York, New York 10003, referred to in this complaint as the Premises.

8. Each of the named defendants is authorized to do business in New York State and operates or controls a place of public accommodation at the Premises.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Each defendant owns, leases, controls, or operates the Premises and is therefore considered a public accommodation under the Americans with Disabilities Act, the New York State

Executive Law, and the New York City Administrative Code.

10. The Premises qualifies as a place of public accommodation because it is a facility operated by a private entity that affects commerce, bringing it within the scope of the ADA, the Executive Law, and the Administrative Code.

11. Multiple architectural barriers exist at the Premises that either prevent or significantly restrict access for plaintiff as a person with a disability.

12. Upon information and belief, the Premises was either constructed for first occupancy after January 26, 1993, or has undergone alterations since that date, including changes to areas connected to or within the Premises.

13. Plaintiff is a regular traveler throughout New York City and frequently visits the area where the Premises is located.

14. Despite being paralyzed from the waist down, plaintiff is able to drive using a vehicle equipped with hand controls and maintains an active lifestyle within the city and beyond.

15. He often visits the neighborhood surrounding the Premises to see family, dine out, shop, and socialize—just as any non-disabled person might.

16. On or about April 20, 2025, plaintiff attempted to visit the Premises after learning about the highly rated smash burgers served there.

17. He was especially interested in trying a smash burger and a strawberry milkshake.

18. However, plaintiff was unable to enter the establishment due to physical barriers and is aware that these same barriers remain in place today.

19. Specifically, he encountered a step at the main entrance and found no signage

or device available to request assistance from inside.

20. This experience left him feeling humiliated and excluded.

21. Despite the incident, plaintiff wants to return to the Premises once it becomes accessible.

22. The Premises is located less than one hour from plaintiff's residence.

23. The features, design, and services offered at the Premises are not accessible to individuals with disabilities, and the defendants have failed to comply with the 1991 or 2010 ADA Standards for Accessible Design, which are binding under federal law, or the equivalent state and local standards.

24. Because of this noncompliance, plaintiff has been denied safe and equal access to the goods and services offered at the Premises.

25. The design, construction, and alterations at the Premises do not meet the minimum accessibility requirements under federal, state, and city codes, including the Building Code of the City of New York and the 2014 New York City Construction Code.

26. Barriers at the Premises that prevent access and deter plaintiff from returning include but are not limited to the following:

27. The entrance is not accessible. There is no compliant accessible route from the public sidewalk or street to the entrance. The step at the front door lacks a ramp, call button, or any form of assistance. There is no accessible means of egress.

28. Dining tables inside the establishment are not accessible. They do not provide the required minimum knee and toe clearance. A sufficient percentage of tables is not accessible.

29. The service counter exceeds the maximum height permitted under the relevant

standards and does not provide an accessible alternative for customers using wheelchairs.

30. These are not the only barriers that exist at the Premises. A full inspection will likely reveal additional violations of the ADA and related laws.

31. To fully identify all violations and avoid piecemeal litigation, plaintiff intends to conduct an inspection and amend this complaint to include any violations discovered that are not already listed.

32. Defendants have failed to provide equal access to the services offered at the Premises and have denied plaintiff the opportunity to participate in or benefit from those services because of his disability.

33. Defendants have not implemented compliant policies, practices, or procedures for individuals with disabilities and have not offered reasonable accommodations or modifications.

34. Plaintiff faces a real and ongoing threat of discrimination because the same accessibility barriers remain in place.

35. He continues to visit the area near the Premises and intends to return once the location is made accessible.

36. Plaintiff looks forward to experiencing the food and environment at the Premises, as any customer would, once the barriers are removed.

### FIRST CAUSE OF ACTION

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

37. Plaintiff incorporates all prior allegations as though fully stated in this section.

38. Plaintiff has a disability as defined by the ADA due to his substantial limitations in walking and range of motion. He relies on a wheelchair for mobility and

experiences restricted body movement as a result of his condition.

39. Under federal regulations, both property owners and tenants of public accommodations are jointly and severally liable for ADA compliance. One party cannot shift that responsibility to the other through private contracts such as leases.

40. In this case, both defendants are equally liable for the failure to make the Premises accessible.

41. Defendants have denied plaintiff full and equal access to their establishment solely because of his disability. This denial includes both direct exclusion and disparate impact caused by policies and practices that fail to accommodate individuals with disabilities.

42. By operating a business that remains inaccessible, defendants have sent a clear message to disabled individuals that they are not welcome and that their patronage is not valued.

43. Defendants constructed or altered their facility in a manner that fails to meet the accessibility requirements imposed by the ADA. Specifically, the Premises does not comply with the 1991 or 2010 Standards for Accessible Design.

44. By maintaining a facility that is not fully accessible, defendants have violated the requirement to provide equal and integrated access to individuals with disabilities under the ADA.

45. Defendants made physical changes to the space but failed to ensure that the altered portions of the Premises, including paths of travel to primary function areas, meet accessibility standards.

46. The ADA requires that when alterations are made, the building must be brought into compliance to the maximum extent feasible. Defendants did not meet this obligation.

47. They also failed to implement readily achievable measures to remove existing barriers, despite the fact that removal is both feasible and not unduly burdensome.

48. As a result, defendants are in violation of multiple provisions of the ADA, including but not limited to 42 United States Code Section 12182 and 28 Code of Federal Regulations Sections 36.304 and 36.305.

49. Even if full removal of certain barriers were not feasible, defendants failed to provide reasonable alternative methods of access as required under federal law.

50. Their continued inaction and refusal to comply with accessibility standards constitute an ongoing pattern of discrimination against individuals with disabilities.

51. By maintaining and operating a noncompliant space, defendants have directly violated the ADA and continue to cause harm to plaintiff.

## SECOND CAUSE OF ACTION

**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

52. Plaintiff repeats and realleges all prior allegations as if fully set forth here.

53. Plaintiff lives with medical conditions that substantially interfere with normal bodily functions, including his ability to walk and move. These impairments qualify as a disability under Section 296 of the New York State Executive Law.

54. Defendants have denied plaintiff equal access to their place of public accommodation because of his disability. This unequal treatment violates New York State law.

55. By failing to provide accessible entry, seating, and service features, defendants have maintained and operated an establishment that excludes individuals with disabilities in violation of Section 296(2) of the Executive Law.

56. Each defendant has contributed to, encouraged, or allowed this discriminatory conduct, and has aided or abetted others in doing the same.

57. Defendants have not taken readily achievable steps to eliminate barriers, nor have they offered reasonable alternatives that would allow disabled individuals to access their business. This violates both Section 296(2)(c)(iii) and Section 296(2)(c)(iv).

58. Removing the existing barriers is achievable and would not impose an undue hardship or burden on defendants.

59. As a result of defendants' violations, plaintiff has suffered emotional harm, including embarrassment, stress, and anxiety. These injuries are ongoing and directly caused by the defendants' failure to comply with the law.

60. Plaintiff seeks compensatory damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

61. Plaintiff incorporates all prior allegations as if fully stated in this section.

62. Due to his physical impairments, plaintiff is substantially limited in walking and range of motion, which qualifies as a disability under Section 8-102(16) of the New York City Administrative Code.

63. The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, was enacted to reinforce the broad, remedial purposes of the City's Human Rights Law. That law must be interpreted independently and more liberally than federal or state counterparts. The statutory mandate under Section 8-130 requires courts to construe these provisions in favor of the plaintiff whenever possible.

64. Defendants have violated the Administrative Code by denying plaintiff the full use and enjoyment of their public accommodation. They have refused to provide access to the same facilities, services, and privileges available to others, all because of plaintiff's disability.

65. Their design, maintenance, and operation of an inaccessible facility also

violate Section 8-107(4), which prohibits discrimination in public accommodations.

66. Each of the defendants has either directly engaged in this discriminatory conduct or aided and abetted others in doing so.

67. These violations have caused plaintiff ongoing emotional distress, including humiliation, frustration, and stress.

68. Based on the duration and obvious nature of the violations, it is clear that defendants acted with at least reckless disregard for plaintiff's rights. The long-standing failure to comply with city accessibility laws demonstrates deliberate indifference.

69. By continuing to operate an inaccessible business, defendants have shown disregard for the civil rights of individuals with disabilities and have excluded an entire class of customers from access.

70. Defendants' conduct was willful or grossly negligent, and plaintiff is therefore entitled to punitive damages under Section 8-502 of the Administrative Code.

71. By avoiding compliance, defendants have financially benefited from their inaction. They have collected revenue while avoiding the expense of making the Premises accessible. The profits obtained from operating a noncompliant space must be returned.

72. Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

73. Plaintiff repeats and incorporates all prior allegations as though fully stated here.

74. Defendants' discriminatory conduct violates the New York State Executive Law and, as a result, also gives rise to liability under Sections 40-c and 40-d of the New York State Civil Rights Law.

75. Plaintiff is entitled to recover the statutory monetary penalties for each violation.

## INJUNCTIVE RELIEF

76. Plaintiff will continue to face unlawful discrimination unless the Court orders defendants to bring their facility and practices into compliance with the law. Injunctive relief is necessary to compel defendants to make physical alterations to the Premises and to revise their operations, policies, and procedures so they no longer exclude individuals with disabilities.

77. The Court should require defendants to make their business accessible and usable by plaintiff and others with similar disabilities.

78. This includes providing auxiliary aids or services, modifying policies as needed, and adopting lawful alternatives where appropriate, in accordance with the Americans with Disabilities Act, the New York State Executive Law, and the New York City Administrative Code.

## DECLARATORY RELIEF

79. Plaintiff is entitled to a declaration that defendants have violated applicable accessibility laws and that their property, services, and procedures must be modified to comply with those laws. Declaratory relief should also address plaintiff's rights moving forward and identify the specific obligations defendants must meet to come into compliance.

## ATTORNEY'S FEES, EXPENSES AND COSTS

80. To enforce his rights, plaintiff has retained counsel and incurred legal fees and costs. Plaintiff is entitled to recover these expenses under the Americans with Disabilities Act and the Administrative Code of the City of New York, including under 42 United States Code Section 12205, 28 Code of Federal Regulations Section 36.505, and Administrative Code Section 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: July 21, 2025

    Manhasset, New York

                                                    Respectfully submitted,

                                                    **GABRIEL A. LEVY, P.C.**
                                                    Attorney for Plaintiff
                                                    1129 Northern Blvd, Suite 404
                                                    Manhasset, NY 11030
                                                    (347) 941-4715

                                                    **By:** /s/ Gabriel A. Levy, Esq.
                                                     **GABRIEL A. LEVY, ESQ (5488655)**
                                                    Glevy@glpcfirm.com